Paul F. SUTTON, Plaintiff,

v.

**CITY OF CHESAPEAKE, Defendant.**

Civil Action No. 2:09cv240.

United States District Court,
E.D. Virginia,
Norfolk Division.

Feb. 17, 2010.

Susan Lynn Watt, United States Attorney's Office, Norfolk, VA, Elizabeth Belle Banaszak, Pro Hac, Vice, Eric Kenneth Bachman, Pro Hac, Vice, John M. Gadzichowski, Pro Hac, Vice, Louis Lopez, Pro Hac, Vice, United States Department of Justice, Washington, DC, for Plaintiff.

Thomas Jeffrey Salb, Darlene Paige Bradberry, Gregory Douglas Surber, Breeden Salb Beasley & Duvall, Norfolk, VA, for Defendant.

## MEMORANDUM OPINION AND ORDER

RAYMOND A. JACKSON, District Judge.

Before the Court are cross motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure filed by Paul F. Sutton ("Plaintiff") and the City of Chesapeake ("Defendant"). The Court held a hearing on this matter on January 21, 2010. On January 27, 2010, the Court denied Plaintiff's Motion and granted Defendant's Motion. This Memorandum Opinion sets forth the reasons for the Court's decision.

## I. FACTUAL AND PROCEDURAL HISTORY

On May 22, 2009, Plaintiff filed a Complaint against Defendant, alleging violation of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301–4335 ("USERRA"). Plaintiff claims that Defendant violated Sections 4312 and 4313 of USERRA by failing to promptly reemploy Plaintiff upon his request for reemployment after serving active military service with the United States Coast Guard ("Coast Guard") (Compl. ¶ 15.) Plaintiff seeks lost wages and benefits suffered, and reinstatement in a position of like seniority, status and pay to the position that he would have attained had he remained employed with Defendant and

had not served in the Coast Guard. (Compl. ¶ 16.)

The Complaint alleges that Plaintiff was employed as a lieutenant by the Chesapeake Police Department ("CPD") from February 16, 1974 to January 1, 2001. (Compl. ¶ 6.) Plaintiff has also served in the Coast Guard since 1979. (Compl. ¶ 7.) On November 25, 2000, Plaintiff notified his supervisor by letter that he received active duty orders from the Coast Guard. In the same letter, Plaintiff notified his employer of his intention to retire, and then retired from the CPD, effective January 1, 2001. (Compl. ¶ 8.) After serving nearly seven years with the Coast Guard, Plaintiff subsequently sought reemployment with the CPD on November 1, 2007. (Compl. ¶ 9.) However, his request was denied on November 15, 2007 because the CPD found that he was no longer eligible for reinstatement. Plaintiff retired from active duty with the Coast Guard on December 19, 2007 because of the compulsory age requirement. After his request for reinstatement with the CPD was denied, Plaintiff volunteered for the Coast Guard until September 30, 2009. From October 1, 2009, to the present, Plaintiff has been a civilian employee of the Coast Guard. Plaintiff filed a complaint under the USERRA with the Department of Labor regarding his failure to be reemployed. (Compl. ¶¶ 12–13.) The Department of Labor conducted an investigation of Plaintiff's Complaint and determined that it had merit. (Compl. ¶ 14.)

On December 14, 2009, Plaintiff filed a Motion for Summary Judgment. Defendant filed a Motion for Partial Summary Judgment on the issue of liability on December 24, 2009, and an Opposition to Plaintiff's Motion for Summary Judgment on December 31, 2009. Plaintiff filed a Rebuttal in Support for its Motion for Summary Judgment, and an Opposition to

Defendant's Motion for Partial Summary Judgment on January 7, 2010. Defendant filed a Rebuttal on January 13,2010. The Court held a hearing on this matter on January 21, 2010. On January 27, 2010, the Court denied Plaintiff's Motion and granted Defendant's Motion in an order without explanation of the Court's rationale.

## II. LEGAL STANDARD

Rule 56(c) provides for Summary Judgment if the Court, viewing the record as a whole, determines "that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 702 (4th Cir.2001) (citing *McKinney v. Bd. of Trustees of Maryland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir.1992) ("[S]ummary judgments should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not necessary to clarify the application of the law.")). In deciding a motion for summary judgment, the Court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). To defeat summary judgment, the nonmoving party must go beyond the pleadings with affidavits, depositions, interrogatories, or other evidence to show that there is in fact a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548.

## III. DISCUSSION

Both Plaintiff and Defendant move for Summary Judgment on the same underlying issue: whether USERRA's reemployment rights and obligations apply to Plaintiff. Under USERRA, "any person who is absent from a position of employment by reason of service in the uniformed services shall be entitled to reemployment rights" so long as the following conditions are met: (1) the employee gives notice to his employer when leaving; (2) the absence is for less than five years as defined by USERRA; and (3) the employee timely applies for reemployment upon his return. 38 U.S.C. § 4312(a)(1–3). The Plaintiff has the burden of showing that he has satisfied USERRA's statutory requirements and is entitled to receive the benefit of reemployment. *See Shadle v. Superwood Corp.*, 858 F.2d 437, 439 (8th Cir.1988). If an employee meets these requirements, the employer must reemploy the service member in either the position he would have held had he not gone into active military service, or "a position of like seniority, status and pay." 38 U.S.C. § 4313(a)(2)(A). In his Motion for Summary Judgment, Plaintiff argues that he has met each of these requirements and is therefore entitled to reemployment with the CPD. Defendant argues that because Plaintiff retired from the CPD, he ended his civilian employment career, and Plaintiff then began a career in the military. Alternatively, Defendant argues that Plaintiff accrued more than five years of military service and therefore is not entitled to any reemployment rights under USERRA.

### A. Advance Notice of Military Service and Waiver of Reemployment Rights

To be eligible for USERRA reemployment rights, an employee must give "ad-

vance written or verbal notice" to his employer pursuant to 38 U.S.C. § 4312(a)(1). Plaintiff contends that he provided both verbal and written advance notice of his military service to Defendant: first by verbally informing CPD personnel of his impending military service in October and November 2000, and second by a letter to Chief of Police Justice dated November 25, 2000. (Pl.'s Mem. in Supp. 7.) Moreover, Plaintiff argues that even if he retired from his civilian job, this retirement does not result in a waiver of his reemployment rights according to established law because a service member cannot prospectively waive his reemployment rights under USERRA after notifying his employer of his military service orders. (Pl.'s Mem. Supp. 14.) Defendant does not dispute that Plaintiff was placed on Military leave from December 1, 2000 until December 31, 2000. However, Defendant argues that this leave ended when Plaintiff retired from the CPD effective January 1, 2001 thereby terminating his civilian employment altogether. Defendant contends that Plaintiff then began a career in the military, as evidenced in part by his lack of continuing notice to the CPD of his military service during his nearly seven year tenure. (Def.'s Mem. in Opp. 13.)

Pursuant to 38 U.S.C. § 4331(a), the Department of Labor has the authority to promulgate regulations concerning USERRA. The most relevant regulation in the instant matter is 20 C.F.R. § 1002.88, which states that "even if an employee tells an employer before entering or completing uniformed service that he does not intend to seek reemployment after completing the uniformed service, the employee does not forfeit the right to reemployment." Therefore, in his notice of receipt of active military orders, an employee need not affirmatively tell his employer that he intends to return to civilian employment to receive USERRA reemployment rights. If an employee does not intend to return

to the employer after military service, the employer must obtain written notice of this intent, and the burden of proof is on the employer to prove that the employee was aware of the specific rights and benefits he was waiving. 38 U.S.C. § 4316(b)(2)(A)(ii).

 This Court finds that USERRA's reemployment rights and its supporting regulations do not apply to Plaintiff. As an initial matter, "because USERRA was enacted to protect the rights of veterans and members of the uniformed services, it must be broadly construed in favor of its military beneficiaries." *Hill v. Michelin N. Am., Inc.*, 252 F.3d 307, 312–13 (4th Cir.2001). For this reason, the Court does not find that Plaintiff was required under USERRA to provide continuing notice of his active military service throughout the time he was away from his civilian employment, as Defendant contends. Therefore, Plaintiff did provide the CPD advance notice of his military service.

 As previously stated, if a service member tells the employer prior to leaving that he does not intend to seek reemployment, he still does not forfeit his rights to reemployment under USERRA. *See* 20 C.F.R. § 1002.88; *see also Lapine v. Town of Wellesley*, 304 F.3d 90, 106 (1st Cir. 2002) (Veterans' Reemployment Rights Act case noting that "the legislative history of the USERRA ... is consistent with the DOL's position that ordinarily a veteran should not be held to make a binding decision about whether or not to return to his former employment until after the conclusion of active duty"). Nevertheless, "because USERRA applies to noncareer military service, an employee can waive his USERRA rights by abandoning his civilian career in favor of one in the military." *Erickson v. United States Postal Serv.*, 571 F.3d 1364, 1371 (Fed.Cir.2009) (internal citations omitted). Thus, although an employee is not required to decide at the time he leaves the job whether he will seek

reemployment upon release from active service, he may so decide.

■ The Court finds that by retiring from the CPD, Plaintiff did just that. Plaintiff and Defendant do not dispute that in October 2000, Plaintiff was ordered to active duty to begin December 1, 2000 and end September 30, 2001. Furthermore, Defendant does not dispute that Plaintiff was on military leave (i.e. still employed but not working) from December 1, 2000 to December 31, 2000, until his retirement became effective. However, in the November 25, 2000 letter to Chief Police Justice, Plaintiff expressed very clearly his decision to enter into retirement. Pursuant to CPD policy, retirement is a permanent termination of the employment relationship. (Def.'s Opp. 9, Exhs. D, K, F.) The letter, prepared solely by Plaintiff himself, stated:

"As you know I have recently received orders from the Coast Guard to return to active duty on December 1, 2000. I will not participate in the assessment center exercise for the Captain promotion process. I have submitted my application for retirement to the Virginia Retirement System. My retirement date should be January I, 2001."

(Def.'s Mem. in Supp., Ex. K)

Plaintiff's intent to retire did not end with the letter. Chief of Police Justice accepted Plaintiff's retirement on November 29, 2000. (Def.'s Mem. in Supp., Ex. K.) Although the letter does not mention waiver of reemployment rights, in a subsequent application to the Virginia Retirement System, Plaintiff did in fact retire from the CPD, effective January 1, 2001. (Def.'s Mem. in Supp., Ex. U) He then cashed in all of his vacation and sick leave, began receiving monthly pension checks, applied for retiree health benefits, participated in his retirement ceremony and attended annual retiree banquets. (Def.'s Mem. in Opp., Ex. AA, Sutton Dep. 111, 144; Ex. M).

This was not simply an employee's ineffective attempt to "waive" rights under USERRA by telling an employer that he does not intend to seek rehire. See Lapine, 304 F.3d at 107 (noting that "[g]enerally, the mere fact of resignation from civilian employment does not deprive a veteran of reemployment rights" and that "a veteran's withdrawal of his vested employee pension fund [does] not necessarily indicate a waiver of a veteran's federal reemployment rights"); Wrigglesworth v. Brumbaugh, 121 F.Supp.2d 1126, 1131–1132 (W.D.Mich.2000) (reemployment not waived when employee signed resignation letter that was prepared by and insisted upon by the employer, and was silent as to any rights to reemployment).

The Court finds that this case is factually distinguishable from Lapine and Wrigglesworth. In this case, Plaintiff did not temporarily resign, interrupt his employment or take a leave of absence. Rather, this is a most unusual circumstance in that Plaintiff affirmatively ended his employment with the CPD altogether by retiring with full benefits to which he was only entitled at the cessation of his career, began a full-time, active military career, and then requested reemployment after almost seven years. See Lapine, 304 F.3d at 107 (agreeing with the DOL that "prospective waivers of veterans' reemployment rights—while not entirely foreclosed—are not to be easily inferred and should be reserved for 'the most unusual circumstances' "). His intent to permanently retire, as opposed to resign, from the CPD in order to obtain his retirement package and begin his service in the military was clearly expressed by his words and subsequent conduct.[1] Plaintiff consciously decided to

---

1. It is also worth noting that in contrast to his decision to retire in the instant matter, on

multiple times prior to November 2000, Plain-

retire, knowing that the CPD policy regarding resignation did not apply to him, and that someone else would be placed in his position upon his retirement. (Def.'s Mem. in Opp., Ex. AA, Sutton Dep. 124–130, 212.)

One of the purposes of USERRA is to prohibit discrimination against persons because of their service in the uniformed services. *See* 38 U.S.C. § 4301. For example, USERRA prohibits employers from requiring employees who take military leave to forfeit any benefits they have already accrued under a retirement plan, and employees continue to vest and accrue benefits under a retirement plan as if they were still working for the civilian employer. *See* 38 U.S.C. § 4303(2).[2] Thus, it would not promote the purpose of USERRA, and moreover would be contrary to *Congressional intent to allow an employee to fully retire from civilian employment upon receiving active military duty orders, receive all retirement benefits therefrom, obtain salary through active military service, and then require the employer to hold open the retired employee's position and rehire him.*

Simply put, USERRA only applies to military service members that have a civilian career. Plaintiff voluntarily entered into a bona fide retirement from his civilian career, received end-of-career benefits, and therefore USERRA does not apply to him. Although USERRA must be liberally construed in favor of veterans, the Act does not provide unlimited rights and benefits. If this Court were to find that Plaintiff is entitled to reemployment after aban-

doning his civilian career in this manner, it would greatly expand reemployment rights beyond any currently established case law, and beyond what Congress intended in enacting the statute. Accordingly, the Court determines as a matter of law that Plaintiff is not entitled to USERRA reemployment rights under the circumstances of this case.

**B. Less Than Five Years of Military Service**

The second requirement to receive benefits under USERRA is that the employee serve less than five years of cumulative, active military service. 38 U.S.C. § 4312(a)(2). Thus, after five years of qualifying military service, an employee's reemployment rights expire. According to Plaintiff, his military service from 1979 through December 19, 2007 (the day before he sought to be reemployed with the CPD) results in less than five years of service when coupled with USERRA's exemptions to the five-year limit. Defendant contends that even if Plaintiff's retirement did not result in a waiver of USERRA reemployment rights, Plaintiff fails to establish his compliance with the five-year statutory requirement, and has incorrectly calculated his cumulative length of service.

USERRA enumerates the types of services exempt from the five-year limit in 38 U.S.C. § 4312(c). The only period of which there is a dispute as to whether it should be exempt from the calculation of the five-year cumulative limit of service is the period of July 1, 2006 to December 18,

---

tiff went on extended services of active duty with the Coast Guard, each time giving notice of his intent to use paid or unpaid leave, and of his desire to return to the CPD upon his release from military duty. (Def.'s Mem. in Supp. Exh. A–F.)

**2.** *See also* 70 F.R. 75266 (Dec. 19, 2005) (to be codified at 20 C.F.R. pt. 1002) (In an

invitation for comments on proposed rules, the DOL stated, "[w]here the service member is … a retiree, USERRA's continuing coverage and [health plan] reinstatement provisions would not apply because the coverage is not in connection with his or her position of employment. The regulation implements this statutory mandate …").

2007, a total of 17 months and 17 days. During this time, after 24 months of being involuntarily recalled to active duty under 10 U.S.C. § 12302, Plaintiff entered into voluntary service under 10 U.S.C. § 12301(d). If the period is counted, the total active duration counted toward USERRA's five-year limit is 6 years, 17 days. If the period is not counted, the total duration is 4 years, 7 months. Plaintiff argues that this § 12301(d) period should be exempt under 38 U.S.C. § 4312(c)(4)(B).[3] Section 4312(c)(4)(B) states that the service member must be ordered or retained on "active duty (other than for training) under any provision of law because of ... national emergency declared by the President or the Congress, as determined by the Secretary concerned."

Defendant contends that Plaintiff's orders did not state that he was ordered or retained on active duty "because of a national emergency." Rather, the orders stated that he was retained "in support of operations." (Def.'s Opp. 17–18.) Defendant also argues that Plaintiff has failed to produce any determination by the Coast Guard besides an unauthenticated email and a memorandum from the DOD that Plaintiff's duty was determined by the Secretary of the Coast Guard to be because of a national emergency and therefore exempt. (Def.'s Opp. 18–19.)

Plaintiff's travel orders for the disputed time period read:

> "These orders are issued in support of operations prescribed in Executive Order 13223, September 14, 2001. 10 U.S.C. 12301(d) is the authority for retention on active duty beyond 24 months and the member has consented to such retention." (Pl.'s Ex. 14, DOJ000132–138.)

Executive Order 13223, cited in Plaintiff's travel orders, mobilizes the Ready Reserve of the armed forces to active duty "in furtherance of the proclamation of September 13, 2001, Declaration of National Emergency by Reason of Certain Terrorist Attacks." (Pl.'s Mem. in Opp. 15.)

■ The Court finds that this distinction of "because of a national emergency," in § 4312(c)(4)(B) and "in support of" a national emergency, as stated in Plaintiff's travel orders is without a difference, especially considering that USERRA must be interpreted liberally in favor of veterans. However, Plaintiff has failed to produce any documentation stating that the Secretary of the Coast Guard determined that Plaintiff's duty was exempt as also required by § 4312(c)(4)(B). Plaintiff provided a memorandum from the Department of Defense ("DOD") that states:

> "With Presidential Proclamation 7463 dated September 14, 2001, that declared a 'National Emergency by Reason of Certain Terrorist Attacks,' it would be appropriate to make a determination that the period of service performed by members who volunteer for active duty under section 12301(d) of Title 10, U.S.C., to support missions and operations associated with the national emergency is exempt from the USERRA five-year limit." (Pl. Mem in Supp. Ex. 15, DOJ000244–45.)

Firstly, the Court finds that USERRA authorizes the Department of Labor rather than the Department of Defense the authority to issue regulations implementing the Act with respect to States, local governments, and private employers. 20 C.F.R. § 1002.4. Therefore, the Department of Labor regulations control this case and it is not clear to the Court that this

---

**3.** Duty authorized by § 12301(d) is not automatically exempt, whereas duty under § 12302 is exempt under USERRA.

DOD memorandum applies to Plaintiff. Secondly, even if the Court considered the memorandum, it highlights that the appropriate Secretary is required to make a determination regarding exemption for a war or national emergency, and that the service member's orders "should so be annotated." Plaintiff has not provided evidence of such a determination by the Secretary of the Coast Guard.

Plaintiff also produced an email dated August 15, 2003 that outlines the "procedures for voluntary extension of mobilization beyond 24 months." It states, in part that "[r]eservists who volunteer for additional Title 10 mobilization duty are entitled to the same pay, allowances, compensation, rights privileges, and protections they had while in an involuntary recall status." (Pl.'s Reply, Ex. 20.) Plaintiff argues that because his service under 10 U.S.C. § 12302 was automatically exempt, and the Coast Guard procedures detailed in the email that service under 10 U.S.C. § 12301(d) are entitled to the "same rights, privileges, and protections," this service is exempt from the USERRA five-year limit as well. However, the documents produced by Plaintiff lack any language by the "Secretary concerned" making a determination regarding Plaintiff's specific voluntary service. That is, Plaintiff produced no evidence to establish that the 2003 email acts as an exemption, and moreover that the email applied to Plaintiff's service from July 1, 2006 to December 18, 2007.

■ It is the burden of Plaintiff to prove that he has satisfied the statutory requirements of USERRA, including the five-year limit, and Plaintiff has not met this burden. Accordingly, the Court finds that this period is not exempt. Because this period is not exempt, Plaintiff's total active duration counted toward USERRA's five-year limit is 6 years, 17 days. As this period is over the five-year limit of mili-

tary service, even if Plaintiff's retirement is not considered a permanent termination of his civilian career, he is not entitled to reemployment with the CPD.

## C. Prompt Reemployment with the Chesapeake Police Department

■ The final requirement for an employee to receive USERRA benefits is that he promptly request reemployment in his civilian career. To request reemployment under USERRA, the employee must either report to work, or submit an application for reemployment. 38 U.S.C. § 4312(a)(3). In this case, Plaintiff requested reemployment by letter on November 1,2007, noting that his military service would end on December 19, 2007. However, the CPD denied Plaintiff's request on November 15, 2007.

The Court finds that Plaintiff's request for reinstatement meets the minimal threshold of § 4312(a)(3). However, considering that the request for reinstatement occurred seven years after Plaintiff retired from his civilian career, Plaintiff was ineligible for reemployment rights and benefits, his "prompt" request notwithstanding.

## IV. CONCLUSION

In an ordinary case, Plaintiff would be entitled to reemployment under USERRA. However, in light of the fact that Plaintiff's retirement was a bona fide and legitimate severance of his employment relationship with the CPD, USERRA's reemployment benefits do not apply to him. Alternatively, even if Plaintiff's retirement was not a severance of his civilian career, Plaintiff accrued more than five-years of active military service and therefore is not entitled to reemployment. Accordingly, Plaintiff's Motion for Summary Judgment is **DENIED.** Defendant's Motion for Partial Summary Judgment is **GRANTED.** There being no genuine issues of material

fact to be decided as to liability, the case is hereby **DISMISSED** in its entirety.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and parties of record.

**IT IS SO ORDERED.**